IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RUTHAMAE BROWN,** : | CIVIL ACTION |
| : | |
| Plaintiff, : | No. 02-2660 |
| : | |
| v. : | |
| : | |
| **EQUICREDIT CORPORATION OF** : | |
| **AMERICA (improperly designated as** : | |
| **EQUICREDIT CORPORATION),** : | |
| **CAPITAL ASSURANCE GROUP, AND** : | |
| **SUNRISE APPRAISALS,** : | |
| : | |
| Defendants. : | |
| : | |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
OF SETOFF OF DEFENDANT EQUICREDIT CORPORATION
OF AMERICA TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant EquiCredit Corporation of America ("EquiCredit"), by and through its undersigned counsel, Reed Smith LLP, hereby responds to the Amended Complaint of Plaintiff Ruthamae Brown ("Plaintiff") as follows:

**I.    SUMMARY OF ACTION**

1.    No response is required.

2.(a)-(h).    Admitted in part; denied in part.  It is admitted only that Plaintiff purports to bring this action under the statutes and laws cited.  The remaining allegations set forth in Paragraph 2 and its subparts (a) through (h) constitute conclusions of law to which no response is required.  To the extent that these allegations may be deemed to be factual, they are denied.

**II.    BACKGROUND**

2.[1]    Denied.  After reasonable investigation, EquiCredit is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of Plaintiff's Amended Complaint, and, therefore, denies the same.

3.    Denied as stated.  EquiCredit states that according to hospital records submitted to EquiCredit by Plaintiff, Plaintiff was hospitalized on August 3, 2000, one day after executing the closing for the loan at issue.

4.    Denied.

5.    Denied as stated.  It is admitted only that EquiCredit provided Plaintiff with a loan in the principal amount of $20,500.00 secured by a mortgage on her home which closed on August 2, 2000.  EquiCredit specifically denies the remaining allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.

6.    Denied.  EquiCredit is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiff's Amended Complaint, and, therefore, denies the same.

7.    Denied as stated.  EquiCredit states only that it sent Plaintiff a Notice of Intent to Foreclose on or about May 2, 2001.  EquiCredit denies the remaining allegations set forth in Paragraph 7 of Plaintiff's Amended Complaint.

8.    Denied.  The allegations set forth in Paragraph 8 of Plaintiff's Amended

---

[1] Plaintiff's Amended Complaint is misnumbered throughout the document; this Answer follows the numbering of the Amended Complaint.

Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed to be factual, they are denied.

9. Denied. The allegations set forth in Paragraph 9 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed to be factual, they are denied.

10. Denied. The allegations set forth in Paragraph 10 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed to be factual, they are denied.

11. Denied.

12. Denied as stated. EquiCredit states only that Plaintiff executed a document entitled Repairs/Improvement Escrow Agreement at closing. EquiCredit denies that it required Plaintiff to execute this document as a condition of receiving the loan.

13. Denied. The Repairs/Improvement Escrow Agreement is a writing which speaks for itself and any attempt to characterize its terms is improper.

14. Denied. The allegations set forth in Paragraph 14 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required.

15. Denied. The allegations set forth in Paragraph 15 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required.

16. Denied as stated. Capital Assurance charged Plaintiff $150 to establish the escrow account and Sunrise Appraisals charged Plaintiff $150 to complete the appraisal upon completion of the renovation work.

17. Denied. The allegations set forth in Paragraph 17 of Plaintiff's Amended Complaint are conclusions of law to which no response is required. To the extent that these

allegations may be deemed factual, they are denied.

18. Denied. After reasonable investigation, EquiCredit is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of Plaintiff's Amended Complaint, and, therefore, denies the same.

19. Denied as stated. It is admitted only that on or about September 24, 2001, Plaintiff's counsel sent a letter to EquiCredit's counsel requesting that EquiCredit rescind its loan. By way of further response, EquiCredit admits that it has not agreed to rescind the loan. EquiCredit denies the remaining allegations set forth in Paragraph 19.

20. Denied. The allegations set forth in Paragraph 20 of Plaintiff's Amended Complaint are conclusions of law to which no response is required. To the extent that these allegations may be deemed factual, they are denied.

21. Denied. The allegations set forth in Paragraph 21 of Plaintiff's Amended Complaint are conclusions of law to which no response is required. To the extent that these allegations may be deemed factual, they are denied.

**III. PARTIES**

3. Denied as stated. It is admitted only, upon information and belief, that Plaintiff is an adult homeowner who maintains a residence at 4722 Upland Street, Philadelphia, Pennsylvania. EquiCredit denies the remaining allegations set forth in Paragraph 3 of Plaintiff's Amended Complaint.

4. Denied as stated. It is admitted only that EquiCredit Corporation of Pa. was a corporation, which was a wholly owned subsidiary of Bank of America, N.A., that had engaged in the business of consumer lending, with a principal place of business in Jacksonville, Florida, and a business address at 10401 Deerwood Park Boulevard, Jacksonville, Florida. EquiCredit

Corporation of America is the parent company of NationsCredit Financial Services Corporation, which is the successor by merger to EquiCredit Corporation of Pa., the entity which made the loan at issue. EquiCredit denies the remaining allegations set forth in Paragraph 4 of Plaintiff's Amended Complaint.

    5.    Denied. EquiCredit is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiff's Amended Complaint and, therefore, denies the same.

    6.    Denied. EquiCredit is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiff's Amended Complaint and, therefore, denies the same.

## IV.    FACTUAL BACKGROUND

    7.    Admitted.

    7(1).    Denied.

    7(2).    Denied. After reasonable investigation, EquiCredit is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7(2), and, therefore, denies the same.

    7(3).    Denied.

    27.    Denied. Plaintiff signed Burton Builder's estimate dated July 11, 2000, which detailed the work referred to in Paragraph 27 of Plaintiff's Amended Complaint.

    28.    Denied. The Escrow Agreement is a writing which speaks for itself. To the extent that the allegations in Paragraph 28 of Plaintiff's Amended Complaint purport to characterize its terms, they are denied.

    29.    Denied. The Escrow Agreement is a writing which speaks for itself. To the

extent that the allegations in Paragraph 29 of Plaintiff's Amended Complaint purport to characterize its terms, they are denied.

      30.     Denied. The certifications are a writings which speak for themselves. To the extent that the allegations in Paragraph 30 of Plaintiff's Amended Complaint purport to characterize their terms, they are denied.

      31.     Denied. EquiCredit is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of Plaintiff's Amended Complaint and, therefore, denies the same..

      32.     Denied. EquiCredit is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of Plaintiff's Amended Complaint and, therefore, denies the same.

      33.     Denied. By way of further response, see EquiCredit's response to Paragraph 16 above.

      34.     Denied as stated. The EquiCredit mortgage was to be in first lien position which meant that all prior mortgage holders be paid in full. EquiCredit denies the remaining allegations in Paragraph 34 of Plaintiff's Amended Complaint. By way of further response, EquiCredit objects to the characterization of this loan as a home improvement loan, and also objects to the allegation that it charged substantial fees.

      35.     Denied.

      36.     Denied. The allegations set forth in Paragraph 36 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed to be factual, they are denied.

      37.     Denied. The allegations set forth in Paragraph 37 of Plaintiff's Amended

Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed to be factual, they are denied.

38. Denied. The allegations set forth in Paragraph 38 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed to be factual, they are denied.

39. Denied. The allegations set forth in Paragraph 39 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed to be factual, they are denied.

40. Denied.

41. Denied.

42. Denied. The allegations set forth in Paragraph 42 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed factual, they are denied.

43. Denied as stated. It is admitted only that on or about September 24, 2001, Plaintiff's counsel sent a letter to EquiCredit's counsel requesting that EquiCredit rescind its loan.

44. Denied as stated. It is admitted only that EquiCredit has refused to terminate its security interest in Plaintiff's home and has not returned or refunded fees or other costs paid by the Plaintiff in connection with the loan. EquiCredit denies that it had or has any legal obligation to take any of these actions.

45. Denied. The allegations set forth in Paragraph 45 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed factual, they are denied.

46. Denied. The allegations set forth in Paragraph 46 of Plaintiff's Amended

Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed factual, they are denied.

      47.    Denied. The allegations set forth in Paragraph 47 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed factual, they are denied.

      48.    Denied. The allegations set forth in Paragraph 48 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed factual, they are denied.

      49.    Denied as stated. EquiCredit states only that Plaintiff filed her Complaint on or about April 4, 2002. EquiCredit denies the remaining allegations set forth in Paragraph 49 of Plaintiff's Amended Complaint.

      50.    Denied. The allegations set forth in Paragraph 50 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed factual, they are denied.

      51.    Denied. The allegations set forth in Paragraph 51 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed factual, they are denied.

      52.    Denied.

## CAUSES OF ACTION

### COUNT I: TILA

      53.    EquiCredit incorporates by reference its responses to all Paragraphs above as if fully set forth herein.

      54.    Denied. The allegations set forth in Paragraph 54 of Plaintiff's Amended

Complaint constitute conclusions of law to which no response is required.

55. Denied. The allegations set forth in Paragraph 55 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed to be factual, they are denied.

56. Denied. The allegations set forth in Paragraph 56 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed to be factual, they are denied.

57. Denied. The allegations set forth in Paragraph 57 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed to be factual, they are denied.

58. Denied. The allegations set forth in Paragraph 58 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed to be factual, they are denied.

59. Denied. The allegations set forth in Paragraph 59 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed to be factual, they are denied.

60. Denied. The allegations set forth in Paragraph 60 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed to be factual, they are denied.

61. Denied. The allegations set forth in Paragraph 61 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed to be factual, they are denied.

62. Denied.

WHEREFORE, Defendant EquiCredit Corporation of America demands judgment in its favor and against Plaintiff, including costs, attorneys' fees, and such other relief that this Court may deem equitable and just.

### COUNT II: ECOA

### AGAINST EQUICREDIT

63.  EquiCredit incorporates by reference its responses to all Paragraphs above as if fully set forth herein.

64.  Denied.  The allegations set forth in Paragraph 64 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required.  To the extent that these allegations may be deemed to be factual, they are denied.

65.  Denied.  The allegations set forth in Paragraph 65 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required.  To the extent that these allegations may be deemed to be factual, they are denied.

66.  Denied.  The allegations set forth in Paragraph 66 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required.  To the extent that these allegations may be deemed to be factual, they are denied.

67.  Denied.  The allegations set forth in Paragraph 67 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required.  To the extent that these allegations may be deemed to be factual, they are denied.

68.  Denied.  After reasonable investigation, EquiCredit is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of Plaintiff's Amended Complaint and, therefore, denies the same.

69.  Denied.  The allegations set forth in Paragraph 69 of Plaintiff's Amended

Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed to be factual, they are denied.

WHEREFORE, Defendant EquiCredit Corporation of America demands judgment in its favor and against Plaintiff, including costs, attorneys' fees, and such other relief that this Court may deem equitable and just.

### COUNT III: HOEPA

70. EquiCredit incorporates by reference its responses to all Paragraphs above as if fully set forth herein.

71. Denied. The allegations set forth in Paragraph 71 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required.

72. Denied. The allegations set forth in Paragraph 72 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed to be factual, they are denied.

73. Denied. The allegations set forth in Paragraph 73 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required.

74. Denied. The allegations set forth in Paragraph 74 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed to be factual, they are denied. EquiCredit states that there was no obligation to provide such disclosures because this was not a loan subject to the HOEPA provisions of the TILA.

WHEREFORE, Defendant EquiCredit Corporation of America demands judgment in its favor and against Plaintiff, including costs, attorneys' fees, and such other relief that this Court may deem equitable and just.

## COUNT IV:  UTPCPL

75. EquiCredit incorporates by reference its responses to all Paragraphs above as if fully set forth herein.

76. Denied.  The allegations set forth in Paragraph 76 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required.  To the extent that these allegations may be deemed to be factual, they are denied.

77. Denied.  The allegations set forth in Paragraph 77 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required.  To the extent that these allegations may be deemed to be factual, they are denied.

78. Denied as stated.  EquiCredit denies that it had any legal obligation to explain any material information to the Plaintiff associated with the loan.

79(1)-(4). Denied.  The allegations set forth in Paragraphs 79 of Plaintiff's Amended Complaint and its subparts (1) through (4) constitute conclusions of law to which no response is required.  To the extent that these allegations may be deemed to be factual, they are denied.

WHEREFORE, Defendant EquiCredit Corporation of America demands judgment in its favor and against Plaintiff, including costs, attorneys' fees, and such other relief that this Court may deem equitable and just.

## COUNT V:  PENNSYLVANIA COMMON LAW
## FRAUD AGAINST ALL DEFENDANTS

8. EquiCredit incorporates by reference its responses to all Paragraphs above as if fully set forth herein.

9. Denied.

10. Denied.  The allegations set forth in Paragraph 10 of Plaintiff's Amended

Complaint constitute conclusions of law to which no response is required.  To the extent that these allegations may be deemed to be factual, they are denied.

11.	Denied as stated.  EquiCredit denies that it failed to provide all proper disclosures to the Plaintiff in connection with the loan transaction.

12.	Denied.

13.	Denied.

14.	Denied.  EquiCredit denies the allegations set forth in Paragraph 14 of Plaintiff's Amended Complaint and specifically denies that it is or was in the business of providing title services or inspecting properties.

15.	Denied.  EquiCredit denies that it engaged in any improper action vis-à-vis the Plaintiff, as alleged in Plaintiff's Amended Complaint.

16.	Denied.

WHEREFORE, Defendant EquiCredit Corporation of America demands judgment in its favor and against Plaintiff, including costs, attorneys' fees, and such other relief that this Court may deem equitable and just.

## COUNT VI – PENNSYLVANIA COMMON LAW
## UNJUST ENRICHMENT AGAINST ALL DEFENDANTS

17.	EquiCredit incorporates by reference its responses to all Paragraphs above as if fully set forth herein.

18.	Denied.  The allegations set forth in Paragraph 18 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required.  To the extent that these allegations may be deemed to be factual, they are denied.

19.	Denied.  The allegations set forth in Paragraph 19 of Plaintiff's Amended

Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed to be factual, they are denied.

20. Denied. The allegations set forth in Paragraph 20 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed to be factual, they are denied.

21. Denied. The allegations set forth in Paragraph 21 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed to be factual, they are denied.

WHEREFORE, Defendant EquiCredit Corporation of America demands judgment in its favor and against Plaintiff, including costs, attorneys' fees, and such other relief that this Court may deem equitable and just.

## COUNT VII: HIFA

22. EquiCredit incorporates by reference its responses to all Paragraphs above as if fully set forth herein.

23. Denied. The allegations set forth in Paragraph 23 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed to be factual, they are denied.

24. Denied. The allegations set forth in Paragraph 24 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed to be factual, they are denied.

25. Denied.

26. Denied. The allegations set forth in Paragraph 26 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that

these allegations may be deemed to be factual, they are denied.

WHEREFORE, Defendant EquiCredit Corporation of America demands judgment in its favor and against Plaintiff, including costs, attorneys' fees, and such other relief that this Court may deem equitable and just.

### COUNT VIII – BREACH OF FIDICUIARY DUTY

27. EquiCredit incorporates by reference its responses to all Paragraphs above as if fully set forth herein.

28. Denied. The allegations set forth in Paragraph 28 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed to be factual, they are denied.

29. Denied. The allegations set forth in Paragraph 29 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed to be factual, they are denied.

30. Denied. The allegations set forth in Paragraph 30 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed to be factual, they are denied.

31. Denied. The allegations set forth in Paragraph 31 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed to be factual, they are denied.

WHEREFORE, Defendant EquiCredit Corporation of America demands judgment in its favor and against Plaintiff, including costs, attorneys' fees, and such other relief that this Court may deem equitable and just.

## COMMON LAW CIVIL CONSPIRACY

104.    EquiCredit incorporates by reference its responses to all Paragraphs above as if fully set forth herein.

105.    Denied.  The allegations set forth in Paragraph 105 subparagraphs (a)-(c) of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that these allegations may be deemed to be factual, they are denied.

WHEREFORE, Defendant EquiCredit Corporation of America demands judgment in its favor and against Plaintiff, including costs, attorneys' fees, and such other relief that this Court may deem equitable and just.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

Plaintiff's claims are barred by the applicable statutes of limitation and/or statutes of repose.

#### Second Affirmative Defense

Plaintiff has failed to state a claim against EquiCredit upon which relief may be granted.

#### Third Affirmative Defense

This Court lacks subject matter jurisdiction over this proceeding.

#### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver and estoppel.

#### Fifth Affirmative Defense

Plaintiff's claims are barred or limited by the doctrine of unclean hands.

### Sixth Affirmative Defense

Avoidance of EquiCredit's lien arising under the Note and Mortgage is inequitable.

### Seventh Affirmative Defense

Plaintiff is not entitled to any statutory damages under any federal or state statute.

### Eighth Affirmative Defense

EquiCredit did not fail to disclose the material terms of the loan transaction nor did it impose any unnecessary or unreasonable charges in connection with the loan transaction.

### Ninth Affirmative Defense

Plaintiff's damages, if any, were caused in whole or in part by the conduct of other entities or parties over whom EquiCredit had no control or right of control.

### Tenth Affirmative Defense

Plaintiff is not entitled to rescind the loans under the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1635 and/or Regulation Z, § 226.23(a)(3).

WHEREFORE, Defendant EquiCredit Corporation of America demands judgment in its favor and against Plaintiff, including costs, attorneys' fees, and such other relief that this Court may deem equitable and just.

### COUNTERCLAIM OF SETOFF

1.      Plaintiff is indebted to EquiCredit under the terms of a Note secured by a Mortgage dated August 2, 2000.

2.      If this Court determines that EquiCredit is indebted to Plaintiff in any amount, such indebtedness should be offset by the amount of money which Plaintiff owes EquiCredit pursuant to the terms of the Note.

WHEREFORE, Defendant EquiCredit Corporation of America demands judgment in its favor and against Plaintiff, including costs, attorneys' fees, and such other relief that this Court may deem equitable and just.

Respectfully submitted,

_____
Marilyn Heffley, Esquire
PA Id. No. 42904
Barbara Kiely, Esquire
PA Id. No. 88832
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103
(215) 851-8100

Attorneys for Defendant
EquiCredit Corporation of America

Dated:  January 6, 2003

## CERTIFICATE OF SERVICE

I, Barbara Kiely, Esquire, hereby certify that on this 6th day of January, 2003, I caused a true and correct copy of the foregoing Answer, Affirmative Defenses, and Counterclaim of Setoff of Defendant EquiCredit Corporation of America to Plaintiff's Amended Complaint to be served via first-class U.S. mail, postage prepaid, upon the following:

David Banks, Esquire
BANKS & BANKS
3038 Church Road
Lafayette Hill, PA 19444

Michael B. Wolf, Esquire
The Windsor Building, Penthouse Suite
1700 Benjamin Franklin Parkway
Philadelphia, PA 19103

Sunrise Appraisals
408 East 4th Street
Suite 103
Bridgeport, PA 19405


By: _____
Barbara Kiely